**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.  CASE NO. 3:12-cr-119-J-32MCR

CHARLES EDWARD MATHEWS, JR.

### **O R D E R**

Defendant Charles Edward Mathews, Jr. filed a motion seeking a reduction in his sentence in accordance with Amendment 782. (Doc. 41). Mathews, Jr.'s Guideline range at his initial sentencing hearing was 84-105 months. (Id. at 3). The Court granted him a six-level substantial assistance departure, resulting in a 46-57 month range, and sentenced him to 50 months. (Id.). After Amendment 782, his Guideline range is now 70-87 months. (Id. at 1; Doc. 42 at 1). In resentencing Mathews, Jr., the parties agree that the Court may apply a comparable departure from the bottom of the amended Guideline range, but disagree about how to calculate such a "comparable" substantial assistance departure. (Compare Doc. 41 at 4-7 with Doc. 42 at 2-5).

In general, a court resentencing a defendant as a result of amendments to the Sentencing Guidelines is not permitted to sentence the defendant below the amended Guideline range. U.S.S.G. § 1B1.10(b)(2)(A) (2014). However, the Guidelines provide an exception: "If the term of imprisonment imposed [at the initial sentencing] was less than the term of imprisonment provided by the [G]uideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than

the amended [G]uideline range . . . may be appropriate."[1] § 1B1.10(b)(2)(B). Note 3 provides an example of finding a "comparably less" reduction using a percentage-based approach. The note states that, given a Guideline range of 70-87 months at the initial sentencing, a sentence of 56 months would represent a downward departure of 20 percent below the minimum term of imprisonment. § 1B1.10 cmt. n.3. If, on resentencing, the amended Guideline range were 51-63 months, "a reduction to a term of imprisonment of 41 months (representing a reduction of approximately 20 percent below the minimum term of imprisonment provided by the amended [G]uideline range) would amount to a comparable reduction and may be appropriate." Id.

The government asks the Court to utilize the percentage-based approach laid out in the Guidelines for determining a comparable reduction in Mathews, Jr.'s sentence. (Doc. 42 at 2-5). Mathews, Jr., however, asks the Court to provide him with the same six-level departure he received at his initial sentencing. (Doc. 41 at 4-7).

A majority of courts have used the percentage-based approach in calculating a departure at resentencing. See, e.g., United States v. Baker, 491 F. App'x 79, 80 (11th Cir. 2012); United States v. Donaldson, No. 200CR37FTM29DNF, 2008 WL 818609, at *2 (M.D. Fla. Mar. 25, 2008). On one occasion, the Eleventh Circuit has even suggested that the percentage-based approach is the only approach to re-sentencing. See United States v. Thomas, 360 F. App'x 4, 7 (11th Cir. 2010). In Thomas, the defendant's original sentence was a 48 percent departure from the low end of the

---

[1] The Court is only permitted, but not required to provide a lower sentence at resentencing, and should only do so to the extent that a lower sentence is appropriate after consideration of the 18 U.S.C. § 3553(a) factors. 18 U.S.C. § 3582(c)(2).

guidelines. Id. Since a 108-month sentence would be a 48 percent departure from the low end of the amended Guidelines, the Eleventh Circuit stated that "[a]pplying Application Note 3 to Thomas's case, the lowest sentence Thomas could have received at resentencing would have been 108 months." Id.

Both the Guidelines' commentary and case law therefore suggest that the percentage-based approach is correct. However, even if the Court had discretion to do as Mathews, Jr. suggests and provide the same six-level departure he received at his initial sentencing, it would choose not to exercise that discretion here. Mathews, Jr. initially had a Guideline range of 84-105 months and received a 50-month sentence, a downward departure of roughly forty percent from the bottom of the range. A comparable departure from his amended range of 70-87 months would provide a sentence of 42 months.

The Court has reviewed the facts in both the original presentence investigation report and the December 18, 2014 memorandum from the United States Probation Office. Having considered the factors set forth in 18 U.S.C. § 3553(a), as well as the nature and seriousness of any danger posed by a reduction of Defendant's sentence, see §1B1.10, cmt. n.1(B)(ii), the Court finds that a reduction of Defendant's sentence from 50 months to 42 months is warranted.

Consistent with §1B1.10(e)(1), and in light of the practical difficulties of a possible release date of Sunday, November 1, 2015, the effective date of this order shall be November 2, 2015.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion for Sentence Reduction (Doc. 41) is **GRANTED**. The Court reduces Defendant's sentence from a period of imprisonment of 50 months to 42 months or time served, whichever is greater. See §1B1.10(b)(2)(C). All other provisions set forth in the criminal Judgment (Doc. 33) shall remain in full force and effect. The effective date of this order is November 2, 2015.

**DONE AND ORDERED** in Jacksonville, Florida this 12th day of August, 2015.

TIMOTHY J. CORRIGAN
United States District Judge

w.
Copies:

Michelle Thresher Taylor, AUSA
Conrad Kahn, Esquire
U.S. Probation
U.S. Marshals Service
Bureau of Prisons
Defendant